# CHAPTER 1950.  ACTIONS PURSUANT TO THE PROTECTION OF VICTIMS OF SEXUAL VIOLENCE OR INTIMIDATION ACT

## Rule 1951.  Definitions

As used in this chapter:

*the Act* — Act of Mar. 21, 2014, P.L. 365, No. 25 relating to the protection of victims of sexual violence or intimidation, 42 Pa.C.S. §§ 62A01 - 62A20.

*action* — a proceeding for protection from sexual violence or intimidation as defined in § 62A03 of the Act.

*court* — the court of common pleas.

*emergency order* — an order entered by a hearing officer, who is a person satisfying the definition set forth in 42 Pa.C.S. § 62A03.

*fees* — any fees or costs, including but not limited to the filing, issuance, registration, service or appeal of a protection action under the Act, including any foreign protection order.

*temporary order or temporary protection order* — an *ex parte* order entered by the court pursuant to 42 Pa.C.S. § 62A06(b).

*plaintiff* — an individual who applies for a protection order, either for the benefit of that individual or on behalf of another individual.

*protection order or order* — an order issued under the Act.

## Rule 1952.  Venue

(a)      An action for protection of victims of sexual violence or intimidation may be brought in a county where:
        (1)      the plaintiff resides, either temporarily or permanently;
        (2)      the plaintiff is employed;
        (3)      the defendant may be served; or
        (4)      the sexual violence or intimidation occurred.

(b)      An action for indirect criminal contempt may be filed in, and heard by, the court in the county where the order was issued or the violation occurred.

**Rule 1953.  Commencement of Action**

(a)     Except as provided in subdivision (b), an action shall be commenced by filing with the prothonotary a petition alleging the need for protection from the defendant with respect to sexual violence or intimidation.  The petition shall be identical in content to the form set forth in Pa.R.C.P. No. 1959(b) and shall have the Notice of Hearing and Order set forth in Pa.R.C.P. No. 1959(a) as the first page(s).

(b)     If an emergency order has been entered pursuant to 42 Pa.C.S. § 62A09, an action shall be commenced by filing with the prothonotary the certified emergency order and any documentation in support.

(c)     Any fees associated with this action shall not be charged to the plaintiff.

**Rule 1954.  Service of Original Process. Registration of Order. Service of Petition and Order. Fees**

(a)     Service of the petition or certified emergency order, the notice and order scheduling the hearing and any temporary order in a protection of victims of sexual violence and intimidation action shall be in accordance with Pa.R.C.P. No. 1930.4 and consistent with the rules for service in protection from abuse matters.

(b)     An Affidavit of Service, substantially in the form set forth in Pa.R.C.P. No. 1959(d), shall be filed with the prothonotary.

(c)     Within 24 hours of entry of a protection order under the Act, the prothonotary shall transmit a copy of the order to the Pennsylvania State Police Statewide Registry in the manner prescribed by the Pennsylvania State Police.

(d)     If a petition alleges an act of sexual violence perpetrated on a minor child, the prothonotary shall serve a copy of the petition and any protection order entered under the Act to the Department of Human Services of the Commonwealth and the county children and youth social service agency in the jurisdiction where the order was entered.

(e)     Within two business days of any protection order under the Act being entered, the prothonotary shall serve a copy of the order to the police department, sheriff and district attorney in the jurisdiction where the order was entered.

(f)     No fee shall be charged to the plaintiff for service of any protection order or pleading or for the registration, filing and service of any foreign protection order.

**Rule 1955.  Enforcement**

A plaintiff may file a private criminal complaint against a defendant alleging indirect criminal contempt for a violation of any provision of a protection order or agreement with the court, the Office of the District Attorney or the magisterial district judge in the jurisdiction or county where the violation occurred.  However, in a county of the first class, a complaint may be filed only with the Family Division of the Court of Common Pleas or the Office of the District Attorney.

*Note:*  See 42 Pa.C.S. § 62A13.

**Rule 1956.  No responsive pleading required**

No pleading need be filed in response to the petition or the certified emergency order.  All averments not admitted shall be deemed denied.

**Rule 1957.  Decision.  Post-trial relief**

(a)     The decision of the court may consist of only general findings of sexual violence and/or intimidation, but shall dispose of all claims for relief.  The court's final order shall be rendered identical in content to the form set forth in Pa.R.C.P. No. 1959(e).

(b)     No motion for post-trial relief may be filed to the final order.

**Rule 1958.  Discontinuance or Modification**

(a)     In cases in which a temporary protection order has not yet been granted or has been denied, a plaintiff in a protection of victims of sexual violence or intimidation action, who wishes to discontinue the action, may file a praecipe to discontinue, pursuant to Pa.R.C.P. No. 229, prior to the final order hearing.  The plaintiff also may request the discontinuance by oral motion at a hearing.

(b)     In cases in which a temporary protection order has been granted, a plaintiff who wishes to vacate the temporary order and discontinue the action shall either file a petition with the court prior to the final order hearing or make the request by oral motion at the final order hearing.

(c)     If either party seeks a modification after a final protection order has been entered, the party shall petition the court to modify the final order.  Modification may be ordered after the filing and service of the petition and a hearing on the petition pursuant to 42 Pa.C.S. § 62A17.

3

**Rule 1959. Forms for Use in Protection of Victims of Sexual Violence or Intimidation Actions. Notice and Hearing. Petition. Temporary Protection Order. Final Protection Order**

(a)　　The Notice of Hearing and Order required by Pa.R.C.P. No. 1953 shall be identical in content to the following form:

(Caption)

## NOTICE OF HEARING AND ORDER

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following papers, you must appear at the hearing scheduled herein.  If you fail to appear, the case may proceed against you and a FINAL order may be entered against you granting the relief requested in the petition.

A hearing on the matter is scheduled for the _____ day of _____, 20__ at _____ _.m. in Courtroom _____ at _____Courthouse, _____, Pennsylvania.

If a temporary protection order has been entered, you MUST obey the order until it is modified or terminated by the court after notice and a hearing.  If you disobey that order, the police or sheriff may arrest you.  A violation of this order may subject you to a charge of indirect criminal contempt.  A violation may also subject you to prosecution and criminal penalties under the Pennsylvania Crimes Code.  Under 18 U.S.C. § 2265, an order entered by the court may be enforceable in all fifty (50) States, the District of Columbia, Tribal Lands, U.S. Territories and the Commonwealth of Puerto Rico.  If you travel outside of the state and intentionally violate this order, you may be subject to federal criminal proceedings under the Violence Against Women Act, 18 U.S.C. § 2262.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER IMMEDIATELY.  YOU HAVE THE RIGHT TO HAVE A LAWYER REPRESENT YOU AT THE HEARING.  THE COURT WILL NOT, HOWEVER, APPOINT A LAWYER FOR YOU.  IF YOU DO NOT HAVE A LAWYER, GO TO OR CALL THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.  IF YOU CANNOT FIND A LAWYER, YOU MAY HAVE TO PROCEED WITHOUT ONE.

County Lawyer Referral Service
(insert Street Address)

(insert City, State, and ZIP)
(insert Phone Number)

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of _____County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled conference or hearing.

BY THE COURT:

_____
Judge

_____
Date

      (b)    The petition in an action filed pursuant to the Act shall be identical in content to the following form:

(Caption)

**PETITION FOR PROTECTION OF VICTIMS OF**
        ☐    **SEXUAL VIOLENCE**
        ☐    **SEXUAL VIOLENCE AGAINST A MINOR CHILD**
        ☐    **INTIMIDATION**

1.    Plaintiff:

_____
    First        Middle        Last Name

Plaintiff's Address: _____

☐ Plaintiff's address is confidential pursuant to 42 Pa.C.S. § 62A11.

Plaintiff's Date of Birth: _____

I am filing this petition on behalf of    myself or    another person.
If you checked "myself," please answer all questions referring to yourself as "Plaintiff."  If you checked "another person," please answer all questions referring to that person as "Plaintiff," and provide your name and address below.

Name: _____

Address: _____

If you checked "another person," indicate your relationship to the plaintiff:

_____

2.      Defendant:

_____
First    Middle          Last Name

Defendant's Address:

_____
_____

| DEFENDANT IDENTIFIERS | | | |
|---|---|---|---|
| DOB | | HEIGHT | |
| SEX | | WEIGHT | |
| RACE | | EYES | |
| HAIR | | | |
| SSN | | | |
| DRIVERS LICENSE # | | | |
| EXP DATE | | STATE | |

3.      Name(s) of other designated person(s) under 42 Pa.C.S. § 62A07(b)(1):

_____

4.      Is there a relationship between Plaintiff and Defendant? _____.    If yes, what is the relationship?
_____

5.      Have Plaintiff and Defendant been involved in any other legal proceedings?  If so, state when and where the case was filed and the court docket number, if known:
_____
_____

6. Has Defendant been involved in any criminal proceedings?
_____

If you answered Yes, is Defendant currently on probation or parole?
_____

7.      (a)      The facts of the most recent incident of sexual violence are as follows:

Approximate Date: _____

Approximate Time: _____

Place: _____

Describe in detail what happened, including any physical or sexual abuse, threats, injury, incidents of stalking, medical treatment sought, and/or calls to law enforcement (attach additional sheets of paper if necessary):

_____
_____
_____

      (b)     The facts of the most recent incident of intimidation are as follows:

Approximate Date: _____

Approximate Time: _____

Place: _____

Describe in detail what happened, including medical treatment sought, and/or calls to law enforcement (attach additional sheets of paper if necessary):

_____
_____
_____

8.     If Defendant has committed prior acts of sexual violence or intimidation against Plaintiff, describe these prior incidents, and indicate approximately when such acts occurred (attach additional sheets of paper if necessary):

_____
_____
_____

9.     Identify the sheriff, police department, or other law enforcement agency in the area in which Plaintiff lives that should be provided with a copy of the protection order:

_____

10.     Is there an immediate and present danger for further acts of sexual violence or intimidation from Defendant against Plaintiff?  If so, please describe:

_____

FOR THE REASONS SET FORTH ABOVE, I REQUEST THAT THE COURT ENTER A TEMPORARY ORDER AND, AFTER A HEARING, A FINAL ORDER THAT WOULD INCLUDE ALL OF THE FOLLOWING RELIEF (CHECK ALL FORMS OF RELIEF REQUESTED):

A.   Restrain Defendant from having any contact with the victim, including, but not limited to, entering the victim's residence, place of employment, business, or school.

B.   Prohibit indirect contact through third parties.

C.   Prohibit direct or indirect contact with other designated persons.

D.   Order Defendant to pay the fees of this action.

E.   Order the following additional relief, not listed above:

_____
_____
_____
_____

F.   Grant such other relief as the court deems appropriate, including, but not limited to, issuing an order under 42 Pa.C.S. § 62A11(b) related to the non-disclosure of the victim's address, telephone number, whereabouts or other demographic information.

G.   Order the police, sheriff or other law enforcement agency to serve the Defendant with a copy of this petition, any order issued, and the order for the hearing.  Plaintiff will inform the designated authority of any addresses, other than Defendant's residence, where Defendant can be served.

**VERIFICATION**

I verify that the statements made in this petition are true and correct to the best of my knowledge. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
Signature

_____
Date

(c)      The Temporary Order of Court, or any continued, amended or modified Temporary Order of Court, entered pursuant to the Act shall be identical in content to the following form:

(Caption)

**TEMPORARY ORDER FOR PROTECTION OF VICTIMS OF**
☐     **SEXUAL VIOLENCE**
☐     **SEXUAL VIOLENCE AGAINST A MINOR CHILD**
☐     **INTIMIDATION**

Plaintiff: _____
First            Middle          Last Name

Plaintiff's address: _____

   Plaintiff's address is confidential pursuant to 42 Pa.C.S. § 62A11.

Defendant:

_____

First    Middle          Last Name

Defendant's Address:

_____

_____

| DEFENDANT IDENTIFIERS | | | |
|---|---|---|---|
| DOB | | HEIGHT | |
| SEX | | WEIGHT | |
| RACE | | EYES | |
| HAIR | | | |
| SSN | | | |
| DRIVERS LICENSE # | | | |
| EXP DATE | | STATE | |

   AND NOW, this _____ day of _____, 20__, upon consideration of the attached Petition for Protection of Victims of Sexual Violence or Intimidation, the court hereby enters the following Temporary Order:

   Plaintiff's request for a Temporary Protection Order is denied.

   Plaintiff's request for a Temporary Protection Order is granted.

1.     The following person is protected under this order:
_____

2.     Defendant is:

   A.  Restrained from having any contact with the victim, including, but not limited to, entering the victim's residence, place of employment, business, or school.

   B.  Prohibited from indirect contact with the victim through third parties.

C. Prohibited from direct or indirect contact with the following designated persons:
_____

3. Additional relief, including, but not limited to, issuing an order under 42 Pa.C.S. § 62A11(b) related to the non-disclosure of the victim's address, telephone number, whereabouts or other demographic information:

_____
_____
_____
_____

4. A certified copy of this order shall be provided to the sheriff or police department where Plaintiff resides and any other agency specified (insert name of agency):
_____

5. THIS ORDER SUPERSEDES ANY PRIOR PROTECTION OF VICTIMS OF SEXUAL VIOLENCE OR INTIMIDATION ORDER OBTAINED BY THE SAME PLAINTIFF AGAINST THE SAME DEFENDANT.

6. THIS ORDER APPLIES IMMEDIATELY TO THE DEFENDANT AND SHALL REMAIN IN EFFECT UNTIL _____ (insert expiration date) OR UNTIL OTHERWISE MODIFIED OR TERMINATED BY THIS COURT AFTER NOTICE AND A HEARING.

NOTICE TO THE DEFENDANT

Defendant is hereby notified that violation of this order may result in arrest for indirect criminal contempt. Under 18 U.S.C. § 2265, an order entered by the court may be enforceable in all fifty (50) States, the District of Columbia, Tribal Lands, U.S. Territories and the Commonwealth of Puerto Rico. If you travel outside of the state and intentionally violate this order, you may be subject to federal criminal proceedings under the Violence Against Women Act, 18 U.S.C. § 2262. Consent of Plaintiff shall not invalidate this order, which can only be changed or modified through the filing of appropriate court papers for that purpose. 42 Pa.C.S. § 62A17. Defendant is further notified that violation of this order may subject him/her to prosecution and criminal penalties under the Pennsylvania Crimes Code.

NOTICE TO SHERIFF, POLICE AND LAW ENFORCEMENT OFFICIALS

The police department and sheriff who have jurisdiction over Plaintiff's residence, the location where a violation of this order occurs, or where Defendant may be located, shall enforce this order. The court shall have jurisdiction over any indirect criminal contempt proceeding, either in the county where the violation occurred or where this

protective order was entered. An arrest for violation of paragraphs 2 and 3 of this order may be without warrant, based solely on probable cause, whether or not the violation is committed in the presence of the police or any sheriff. 42 Pa.C.S. § 62A12.

When Defendant is placed under arrest for violation of the order, Defendant shall be taken to the appropriate authority or authorities before whom Defendant is to be arraigned. A "Complaint for Indirect Criminal Contempt" shall then be completed and signed by the police officer, sheriff or Plaintiff. Plaintiff's presence and signature are not required to file the complaint.

If sufficient grounds for violation of this order are alleged: (1) Defendant shall be arraigned; (2) bond set, if appropriate; and (3) both parties shall be given notice of the date of the hearing.

BY THE COURT:

_____

Judge

_____

Date

(d)     The form of the Affidavit of Service in a proceeding under the Act shall be substantially in the following form:

(Caption)

**AFFIDAVIT OF SERVICE**

I, _____, the undersigned, hereby state that I served a copy of the Notice of Hearing and Order, Petition and Temporary Order in the above-captioned action upon Defendant by handing the papers to

_____

at the following address:

_____

on the ____ day of _____, 20__, at approximately _____ o'clock _.m.

I verify that the statements made in this Affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.

11

§ 4904, relating to unsworn falsification to authorities.

_____
(Signature)

_____
(Title)

_____
(Address)

_____
(Date)

THIS FORM MUST BE COMPLETED AND SIGNED BY THE PERSON WHO SERVES THE DEFENDANT WITH THE NOTICE OF HEARING AND ORDER, PETITION AND TEMPORARY ORDER.  IT MUST BE FILED WITH THE PROTHONOTARY OR BROUGHT TO THE COURT ON THE HEARING DATE.

    (e)    The Final Order of Court, or any amended, modified or extended Final Order of Court, entered pursuant to the Act shall be identical in content to the following form:

(Caption)

**FINAL ORDER FOR PROTECTION OF VICTIMS OF**
    ☐    **SEXUAL VIOLENCE**
    ☐    **SEXUAL VIOLENCE AGAINST A MINOR CHILD**
    ☐    **INTIMIDATION**

Plaintiff: _____
      First      Middle      Last Name

Plaintiff's address: _____

    Plaintiff's address is confidential pursuant to 42 Pa.C.S. § 62A11.

Defendant:

_____
First    Middle      Last Name

Defendant's Address:

_____

_____

| DEFENDANT IDENTIFIERS | | | |
|---|---|---|---|
| DOB | | HEIGHT | |
| SEX | | WEIGHT | |
| RACE | | EYES | |
| HAIR | | | |
| SSN | | | |
| DRIVERS LICENSE # | | | |
| EXP DATE | | STATE | |

The court hereby finds that it has jurisdiction over the parties and the subject matter and that Defendant has been provided with reasonable notice and opportunity to be heard.

Defendant was served in accordance with Pa.R.C.P. No. 1954(a) and provided notice of the time, date and location of the hearing scheduled in this matter.

Order Effective Date: _____ Order Expiration Date: _____

AND NOW, this _____ day of _____, 20__, upon consideration of the attached Petition for Protection of Victims of Sexual Violence or Intimidation, the court hereby enters the following Final Order:

It is ORDERED, ADJUDGED AND DECREED as follows:

This order is entered (check one)      by agreement;      by agreement without an admission;      after a hearing and decision by the court;      after a hearing at which Defendant was not present, despite proper service being made;      by default.  Without regard as to how the order was entered, this is a final order of court subject to full enforcement pursuant to the Protection of Victims of Sexual Violence or Intimidation Act.

Plaintiff's request for a final protection order is denied.

OR

Plaintiff's request for a final protection order is granted.

1.      The following person is protected under this order:

_____

2.      Defendant is:

A.  Restrained from having any contact with the victim, including, but not limited to, entering the victim's residence, place of employment, business or school.

B.  Prohibited from indirect contact with the victim through third parties.

C.  Prohibited from direct or indirect contact with the following designated persons:

_____

D.  Ordered to pay the fees of this action.

   3.  Additional relief, including, but not limited to, issuing an order under 42 Pa.C.S. § 62A11(b) related to the non-disclosure of the victim's address, telephone number, whereabouts or other demographic information:

_____
_____
_____
_____

   4.  Because this order followed a contested proceeding, or a hearing at which Defendant was not present, despite being served with a copy of the petition, temporary order and notice of the date, time and place of the hearing, Defendant is ordered to pay an additional $100 surcharge to the court, which shall be distributed in the manner set forth in 42 Pa.C.S. § 62A05(c.1).

   5.  THIS ORDER SUPERSEDES ANY PRIOR PROTECTION OF VICTIMS OF SEXUAL VIOLENCE OR INTIMIDATION ORDER OBTAINED BY THE SAME PLAINTIFF AGAINST THE SAME DEFENDANT.

NOTICE TO THE DEFENDANT

      Defendant is hereby notified that violation of this order may result in arrest for indirect criminal contempt.  Under 18 U.S.C. § 2265, an order entered by the court may be enforceable in all fifty (50) States, the District of Columbia, Tribal Lands, U.S. Territories and the Commonwealth of Puerto Rico.  If you travel outside of the state and intentionally violate this order, you may be subject to federal criminal proceedings under the Violence Against Women Act, 18 U.S.C. § 2262.  Consent of Plaintiff shall not invalidate this order, which can only be changed or modified through the filing of appropriate court papers for that purpose.   42 Pa.C.S. § 62A17.  Defendant is further notified that violation of this order may subject him/her to prosecution and criminal penalties under the Pennsylvania Crimes Code.

NOTICE TO SHERIFF, POLICE AND LAW ENFORCEMENT OFFICIALS

      The police department and sheriff who have jurisdiction over Plaintiff's residence, the location where a violation of this order occurs, or where Defendant may be located, shall enforce this order.  The court shall have jurisdiction over any indirect criminal contempt proceeding, either in the county where the violation occurred or where this protective order was entered.  An arrest for violation of paragraphs 2 and 3 of this order may be without warrant, based solely on probable cause, whether or not the violation is committed in the presence of the police or any sheriff.  42 Pa.C.S. § 62A12.

14

When Defendant is placed under arrest for violation of the order, Defendant shall be taken to the appropriate authority or authorities before whom Defendant is to be arraigned. A ''Complaint for Indirect Criminal Contempt'' shall then be completed and signed by the police officer, sheriff or Plaintiff. Plaintiff's presence and signature are not required to file the complaint.

If sufficient grounds for violation of this order are alleged: (1) Defendant shall be arraigned; (2) bond set, if appropriate; and (3) both parties shall be given notice of the date of the hearing.

BY THE COURT:

_____
Judge

_____
Date

If a Final Order of Court is entered pursuant to the consent of the plaintiff and the defendant, both shall sign the order along with their counsel, if any:

_____        _____
(Plaintiff's signature)                            (Defendant's signature)

_____        _____
(Plaintiff's attorney's signature)              (Defendant's attorney's signature)

*Note*:  Pa.R.C.P. No. 1959(a), (b), (c), and (e) utilize the phrase "shall be identical in content" in reference to the form documents provided under those subparagraphs, which include the Notice of Hearing, the Petition for Protection of Victims of Sexual Violence or Intimidation, the Temporary Order, and the Final Order. In using "shall be identical in content" rather than the more usual phrase "shall be substantially in the following form," the intent of the rule is to ensure only the relevant information and relief authorized under the Act is incorporated into any third-party generated form document while allowing for stylistic differences as to format and layout.